UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHEYANNE WILLIAMS

    Plaintiff,

v.                                         Hon. Jane M. Beckering

UNKNOWN PARTY, et al.,               Case No. 1:24-cv-1251

    Defendants.

**REPORT AND RECOMMENDATION**

Plaintiff Cheyanne Williams filed her pro se complaint in this case on November 22, 2024, against Unknown Party, identified as Dan, Commandor [sic] of Veterans of Foreign Wars; Jeff Widmer, identified as Chairman; and Shelly, identified as worker at Veterans of Foreign Wars. She alleges that Defendants violated Article I, Sections 2 and 26 of the Michigan Constitution of 1963, the Michigan Elliott-Larsen Civil Rights Act (ELCRA), and the Michigan Ethnic Intimidation Act of 1988, Mich. Comp. Laws § 750.147b. Although far from clear, it also appears that Plaintiff alleges a claim under Title III of the Civil Rights Act of 1964, 42 U.S.C. § 2000b.

Having granted Plaintiff's motion to proceed as a pauper (ECF No. 4), I have conducted an initial review of the complaint pursuant to 28 U.S.C. § 1915(e)(2) to determine whether it is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. After conducting this review, I recommend that Plaintiff's Title III claim be dismissed for failure to state a claim and that the Court decline to exercise supplemental jurisdiction over the state-law claims and dismiss them without prejudice.

## I. Background

Plaintiff provides the following facts:

> On Sunday May 12th, 2024 Plaintiff Williams attended a Bingo Hall at VFW Post 7956 to Play Bingo. After Plaintiff Williams won a couple consecutive games of Bingo, other players participa[ting] became mad or fluctuated with the situation of Miss Williams['] consecutive wins. The Majority participa[ting] became more aggressive with the Plaintiff, yelling at her and calling her racial charged names, black Bitch and fu**ing Ni**er. It became a scene. The Bingo worker Shelly stepped on Miss Williams['] foot. The Bingo Game Chairman Jeff banned me from coming back after kicking me out. Plaintiff Williams the[n] called the police for being discriminated against and for the physical harm that was done to her foot.

(ECF No. 1 at PageID.3.)

## II. Discussion

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a claim must be dismissed for failure to state a claim on which relief may be granted unless the "[f]actual allegations [are] enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007) (internal citations and footnote omitted).

As the Supreme Court has held, to satisfy this rule, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). This plausibility standard "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* If the complaint simply "pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (internal quotation marks omitted). As the Court further observed:

> Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. Rule 8 marks a notable and generous departure from the hypertechnical, code-pleading regime of

> a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged— but it has not "show[n]"—"that the pleader is entitled to relief."

*Id.* at 678–79 (internal citations omitted).

Because Plaintiff is proceeding pro se, the Court must construe her pleading more liberally than it does for pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). But this liberal pleading standard "is not without its limits, and does not 'abrogate basic pleading essentials in pro se suits.'" *Clark v. Johnston*, 413 F. App'x 804, 817 (6th Cir. 2011) (quoting *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)). Stated differently, "[l]iberal construction does not require a court to conjure allegations on a litigant's behalf." *Erwin v. Edwards*, 22 F. App'x 579, 580 (6th Cir. 2001). To require otherwise "would not only strain judicial resources . . . but would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

As noted above, it is unclear whether Plaintiff asserts a claim under Title III of the Civil Rights Act of 1964. If not, Plaintiff has not alleged a claim within the Court's federal question jurisdiction under 28 U.S.C. § 1331. This means that the Court lacks jurisdiction over the action because the parties are not diverse for purposes of jurisdiction under 28 U.S.C. § 1332(a). Moreover, Plaintiff has not alleged that the amount in controversy exceeds the jurisdictional threshold for diversity jurisdiction. In this circumstance, the complaint is subject to dismissal without prejudice for lack of subject matter jurisdiction.

3

On the other hand, if Plaintiff's reference to Title III is construed as Title III of the Civil Rights Act of 1964, Plaintiff fails to state a claim because Title III authorizes the Attorney General of the United States to bring a civil action upon receipt of a meritorious written complaint from an individual claiming to be "deprived of or threatened with the loss of h[er] right to equal protection of the laws, on account of h[er] race, color, religion, or national origin, by being denied equal utilization of any public facility which is owned, operated, or managed by or on behalf of any State or subdivision thereof." 42 U.S.C. § 2000b. The statue does not create a private right of action.[1] *See Brown v. Voorhies*, No. 07-cv-13, 2012 WL 1081796, at *10 (S.D. Ohio Mar. 30, 2012) (citing *Davis v. City of Dearborn*, No. 2:09-CV-14892, 2010 WL 3476242, at *6 (E.D. Mich. Sept. 2, 2010) (collecting cases)).

Plaintiff's remaining claims arise solely under Michigan law. If the Court agrees with the foregoing recommendation to dismiss the Title III claim, I recommend that it exercise its discretion to decline supplemental jurisdiction and dismiss the state-law claims without prejudice pursuant to 28 U.S.C. § 1367(c)(3). Generally, the Court should decline to hear state-law claims when all federal claims are dismissed before trial. *See Musson Theatrical, Inc. v. Federal Express Corp.*, 89 F.3d 1244, 1254–55 (6th Cir. 1996) ("When all federal claims are dismissed before trial, the balance of considerations usually will point to dismissing the state law claims, or remanding them to state court if the action was removed.") (citing *Carnegie–Mellon v. Cohill*, 484 U.S. 343, 350 n.7 (1988)). Here, the litigation has just commenced, and Plaintiff may properly pursue her remaining claims in state court. *See Kelly v. City of New Philadelphia*, No. 5:20-cv-211, 2020 WL

---

[1] Even if the statute provided a private right of action, Plaintiff would still fail to state a claim because the VFW Hall is not owned, operated, or managed by a State or subdivision thereof. Rather, the Veterans of Foreign Wars is an organization chartered under federal law. *See* 36 U.S.C. § 230101.

2126665, at *3 (N.D. Ohio May 5, 2020) (declining to exercise supplemental jurisdiction where all of the federal claims were dismissed "at this early stage of litigation").

### III. Conclusion

For the foregoing reasons, I recommend that the Court dismiss Plaintiff's Title III claim with prejudice and dismiss the state law claims without prejudice pursuant to 28 U.S.C. § 1367(c)(3).[2]

The Court must also decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). Good faith is judged objectively, *Coppedge v. United States*, 369 U.S. 438, 445 (1962), and an appeal is not taken in good faith if the issue presented is frivolous, defined as lacking an arguable basis either in fact or law. *See Dellis v. Corr. Corp. of Am.*, 257 F.3d 508, 511 (6th Cir. 2001). For the same reasons that I recommend dismissal of the action, I discern no good faith basis for an appeal and recommend that, should Plaintiff appeal this decision, the Court assess the $605.00 appellate filing fee pursuant to Section 1915(b)(1), *see McGore*, 114 F.3d at 610-11.

Date:  November 27, 2024                    /s/ Sally J. Berens
                                            SALLY J. BERENS
                                            U.S. Magistrate Judge

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within 14 days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

---

[2] Alternatively, if the Court concludes that Plaintiff has not pled a federal claim, I recommend that it dismiss the entire action without prejudice for lack of subject matter jurisdiction.